J-S24040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GERALD EDGAR ORRIS, III | : | |
| | : | |
| Appellant | : | No. 1162 WDA 2020 |

Appeal from the PCRA Order Entered September 15, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0002150-2016,
CP-11-CR-0002151-2016

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED: SEPTEMBER 16, 2021**

Appellant, Gerald Edgar Orris, III, appeals from the order entered in the Court of Common Pleas of Cambria County dismissing his amended second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, following a hearing.  Herein, Appellant contends the PCRA court erroneously dismissed his petition raising the claim that he entered an unknowing and unintelligent guilty plea due to his mental health issues.  After careful review, we affirm.

President Judge Norman A. Krumenacker, III, who presided over Appellant's guilty plea hearing, sentencing hearing, and PCRA hearing, aptly sets forth the relevant facts and procedural history of the present matter, as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

On May 24, 2018, Orris entered pleas [to one count of] Statutory Sexual Assault, a felony of the second degree [and to one count of] Illegal to Taunt Police Animals, a felony of the second degree. N.T. 5/24/18. There was no agreement as to sentence on either case and all remaining charges would be *nol prossed* thirty-one days after sentencing unless an appeal was filed. *See id*. and Plea Agreement. Orris acknowledged that he would need to comply with a Sexual Offender Registration and Notification Act ("SORNA") assessment and be subject to registration requirements to be determined at sentencing following the evaluation. *Id*.

On August 20, 2018, Orris was sentenced [on Count 1 to serve 30 to 120 months' incarceration, to comply with SORNA registration requirements, and pay costs of prosecution]. Orris was found not to be RRRI eligible. Orris' sentence was in the standard range for this offense. Orris was given credit for time served. [On Count 2, Orris was ordered to] serve a period of incarceration of 12 to 60 months in a state correctional institute concurrent with . . . Count 1. Orris was found not to be RRRI eligible. Orris' sentence was in the standard range for this offense. N.T. 8/20/18. Orris did not file a direct appeal of his sentence.

On August 29, 2018, Orris filed a pro se [PCRA petition] and on September 7, 2018, Timothy Burns [("Attorney Burns")]. . . was appointed as PCRA counsel. Attorney Burns filed an Amended First Petition on October 8, 2018, asserting a claim that Orris' guilty pleas were not entered in a knowing and voluntary manner due to ineffective assistance of counsel and Orris' mental health issues preventing him from comprehending what he was doing in entering the pleas.

A hearing on the Amended First Petition was held on November 21, 2018, at which time plea counsel Aaron Ling [(plea counsel)] and Orris testified. Orris' First Amended Petition was dismissed by Order entered December 19, 2018. Orris filed a timely appeal from this denial that he discontinued [by praecipe to discontinue filed on April 1, 2019.]

[On April 29, 2019, Appellant timely filed this, his second PCRA petition raising the same claim of ineffective assistance of plea counsel that was raised in his first PCRA petition. Counsel was appointed and a hearing was held on September 1, 2020, after

which the PCRA court entered its September 15, 2020 order denying relief, as referenced, *supra*. This appeal followed.]

PCRA Court Opinion, 2/17/21, at 2-3.

Appellant raises the following issue for this Court's consideration:

Whether the lower court erred when denying the PCRA [Petition] of the Appellant where trial counsel was ineffective in advising the Appellant regarding sentencing consequences when trial counsel was aware that Appellant was unable to fully comprehend the consequences of a guilty plea in regard to sentencing and where the Appellant suffers from mental health ailments?

Appellant's brief at 3.

We begin by noting our standard of review:

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Hanible***, 30 A.3d 426, 438 (Pa. 2011) (citing ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010)). We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. ***Id***. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. ***See Commonwealth v. Reid***, 99 A.3d 470, 485 (Pa. 2014). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Roney***, 79 A.3d 595, 603 (Pa. 2013). The denial of an appellant's request for discovery is reviewed for abuse of discretion. ***Id***.

To be entitled to PCRA relief, a petitioner bears the burden of establishing, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2), which include a violation of the Pennsylvania or United States Constitution or ineffectiveness of counsel, any one of which "so undermined the truth-determining process that no reliable

adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(i) and (ii). Further, the petitioner must show that the allegation of error has not been previously litigated or waived pursuant to 42 Pa.C.S. § 9543(a)(3); *See* ***Commonwealth v. Baumhammers***, 92 A.3d 708, 714 (Pa. 2014).

***Commonwealth v. Mason***, 130 A.3d 601, 617–18 (Pa. 2015) (citations reformatted).

Herein, Appellant's entire argument offered in support of his appeal consists of the following:

> The Appellant suffers from an intellectual disability that makes comprehending complex matters difficult. The Appellant has testified that because of this mental health condition, he did not understand trial counsels [sic] explanations regarding the consequences of pleading guilty. The Appellant claims he was told by trial counsel that he would receive the maximum sentence on each of case [sic] if he was to exercise his right to trial, trial counsel convinced the Appellant that if he plead [sic] guilty he would be given a sentence of time served and released. The Appellant has maintained this position throughout. Trial counsel downplayed Appellant's mental health issues and failed to consider the position of someone with the mental health issues of the Appellant.

> Accordingly, the guilty plea of the Appellant was made involuntarily because of representations of trial counsel. Therefore, Appellant should be able to withdraw his plea.

Appellant's brief at 6-7.

Appellant has failed to develop his claim for our review. Indeed, his argument is devoid of any citations to the record or legal authority supporting his position, and his assertions consist of nothing more than self-serving, bare conclusions that his testimony was truthful and deserving of the relief he currently seeks. *See* Pa.R.A.P. 2119(a) (providing that an appellant's

argument shall include "such discussion and citation of authorities as are deemed pertinent."); **Commonwealth v. Paddy**, 14 A.3d 431, 443 (Pa. 2011) (providing that "boilerplate allegations and bald assertions ... cannot satisfy a petitioner's burden to prove that counsel was ineffective."); **see also Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Accordingly, Appellant's claim is waived.

Even if we were to address Appellant's claim on its merits, we would find it unavailing. To this effect, we refer to the President Judge Krumenacker's Rule 1925(a) opinion in which he discusses his assessment of statements offered by both plea counsel at the August 20, 2018 sentencing hearing and by Appellant at the September 1, 2020 evidentiary hearing and deems reliable only counsel's representations that appropriate steps had been taken prior to the plea hearing to ensure Appellant was declared competent to proceed:

> At the 2018 hearing, [plea counsel] testified that: he had initial concerns regarding Orris' competency; based on these concerns Orris was committed to the Torrance State Hospital (Torrance) for a period of evaluation and treatment; Orris was released from Torrance after being deemed competent; he spoke with Orris approximately ten times relative to his option to enter a plea or go to trial; explained the risk that consecutive sentences could be imposed if Orris was convicted of multiple felonies[2]; he explained the plea agreement in detail to Orris; that Orris understood the plea agreement; Orris eventually elected to enter a plea; and that he never promised Orris he would receive a sentence of time

served. N.T. 11/21/18 pp. 4-15; Exs. 1, 2, 3, 4. [Plea Counsel] did not testify at the 2020 hearing.[3]

---

[2] Orris faced eleven counts, ten of which were felonies, in the [first case] and faced three counts, two of which were felonies, in the [second case].

[3] The transcript of the September 1, 2020, hearing has not been requested and the [PCRA] court is relying on its notes from that hearing.

---

Orris testified at the 2018 sentencing hearing that: [plea counsel] told him he would receive the maximum sentence on each case if he went to trial; that he didn't understand what he was doing when he entered his plea; [plea counsel] told him if he entered the plea he would receive a sentence of time served and be allowed to go home immediately; and that he did not realize he would receive a sentence of incarceration. *Id.* at 15-21. At the 2020 hearing[,] Orris testified, consistent with his prior testimony, that [plea counsel] had promised him if he entered guilty pleas in these cases he would either be immediately released to his home or to a group home or have to serve only a couple of months' incarceration based on his time served.

. . .

As to his allegation that his mental health issues prevented him from entering a knowing and voluntary plea, Orris has offered no evidence in support of this assertion in either the 2018 or 2020 hearings other than his own testimony. [Plea Counsel] testified, and the record reflects, that he had initial concerns regarding Orris' competency resulting in Orris being evaluated and treated at Torrance for mental health issues. N.T., 11/21/18 pp. 7-8, 10-11; Ex 1. Orris was released from Torrance after he was deemed competent to participate in his criminal cases. *Id.*; Ex. 1 pp. 3-4.

Orris has offered no evidence to suggest that between his release from Torrance and the entry of his guilty plea that he became incompetent or that his mental health impacted his ability to enter a knowing and voluntary plea. Accordingly, there is no merit to this claim for relief.

PCRA Court Opinion at 5-7.

After conducting an independent review of both Appellant's August 20, 2018 sentencing hearing and other relevant portions of the record, we discern no basis to disturb the PCRA court's order denying Appellant relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2021